IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FIDENCIO P. ULIBARRI,<br><br>            Plaintiff,<br><br>v.<br><br>JAMES WINDER et al.,<br><br>            Defendants. | **ORDER & MEMORANDUM DECISION**<br><br><br>Case No. 2:14-CV-433-RJS<br><br>District Judge Robert J. Shelby |

Plaintiff, inmate Fidencio P. Ulibarri, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2014), *in forma pauperis*, *see* 28 id. § 1915.  The court now screens the Complaint and orders Plaintiff to file an Amended Complaint to cure deficiencies before further pursuing his claims.

### Deficiencies in Complaint

Complaint:

(a) raises claims against Defendants under a *respondeat superior* theory, which is invalid in a federal civil-rights complaint.

(b) has been supplemented by numerous exhibits and other documents, which--to be considered by the Court--should be condensed and incorporated succinctly into the amended complaint.

(c) contains claims with a frivolous and fantastical quality, which should be deleted.

(d) has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution.  *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "*'adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or

conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

### Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a Complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his Complaint. First, the Amended Complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original Complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the Complaint must clearly state what each Defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d

1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action).  "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'"  *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a Defendant based solely on his or her supervisory position.  *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Finally, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

## MOTION TO APPOINT COUNSEL

The court addresses Plaintiff's motion for the court to request *pro bono* counsel to represent him.  Plaintiff has no constitutional right to counsel.  *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).  However, the court may in its discretion appoint counsel for indigent plaintiffs.  *See* 28 U.S.C.S. § 1915(e)(1) (2014); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.  Considering the above factors, the court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter.  Thus, the court denies for now Plaintiff's motion for appointed counsel.

### ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

(4) Plaintiff's motions for discovery are **DENIED** as premature.  (*See* Docket Entry #s 7 & 23.)

(5) Plaintiff's motion for appointed counsel is **DENIED**,  (*see* Docket Entry # 14); however, if, after the case develops further, it appears that counsel may be needed or of specific help, the court may ask an attorney to appear *pro bono* on Plaintiff's behalf.

And, (6) Plaintiff's motion for service of process is **DENIED**, (*see* Docket Entry # 17), pending receipt of his Amended Complaint.  Further, the court is already required by statute to screen prisoner complaints, *see* 28 U.S.C.S. § 1915A (2014), and order service of process if warranted, *see id*. § 1915(d).  No further prompting by Plaintiff is necessary.

DATED this  6th day of March, 2015.

                BY THE COURT:

                ROBERT J. SHELBY
                United States District Judge